**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| **CALVIN R. GROVNER,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **-VS-** | * |
| | * |
| **ALEX WATSON and JAMES M.** | * |
| **MINER in their Official and Individual** | *  **CIVIL ACTION NO.:   CV226-_____** |
| **Capacities as Deputies for the Camden** | * |
| **County Sheriff's Office, JIM** | * |
| **PROCTOR, in his Official and** | * |
| **Individual Capacity as the Camden** | * |
| **County Sheriff, and CAMDEN** | * |
| **COUNTY, GEORGIA,** | * |
| | * |
| **Defendants.** | * |

**COMPLAINT FOR DAMAGES**

**CALVIN R. GROVNER**, Plaintiff in the above-styled action, files his Complaint for Damages and for compensatory and punitive damages against Defendants **ALEX WATSON**, **(DEFENDANT WATSON)**, **JAMES M. MINER (DEFENDANT MINER)**, **JIM PROCTOR**, **(DEFENDANT    PROCTOR)** and **CAMDEN COUNTY**, **GEORGIA (DEFENDANT COUNTY)** for the use of excessive force during the arrest of **MR. GROVNER**.

## I.   INTRODUCTION

**-1-**

**MR. GROVNER** brings this action against Defendants to compensate him for damages and injuries suffered through the use of excessive force in a seizure and arrest and prosecution by **DEFENDANT OFFICERS** and to punish the appropriate Defendants, for their wrongful acts

against **MR. GROVNER** such that it will prevent the appropriate Defendants from subjecting others to such wrongful and egregious conduct.

**-2-**

**MR. GROVNER** brings this action under the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and federal law.

**-3-**

**MR. GROVNER** demands a trial by jury.

## II.    JURISDICTION

**-4-**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises as a civil rights action under the laws of the United States.

## III.    VENUE

**-5-**

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

**-6-**

The incidents and injuries suffered by **MR. GROVNER** occurred in this judicial district.

**-7-**

At all times relevant to this Complaint, **MR. GROVNER** resided in Brunswick, Glynn County, Georgia in the Brunswick Division of the United States District Court for the Southern District of Georgia. 28 U.S.C. § 90(c)(5).

## IV.  PARTIES

**-8-**

At all times relevant to this Complaint, **DEFENDANTS WATSON**, **MINOR,** and **PROCTOR** served as duly sworn and licensed Deputies and Sheriff, respectively, of the Camden County Sheriff's Office.

**-9-**

At all times relevant to this Complaint,  **DEFENDANTS WATSON**, **MINOR,** and **PROCTOR** acted under color of law.

**-10-**

At all times relevant to this Complaint,  **DEFENDANTS WATSON**, **MINOR**, and **PROCTOR** acted within the scope of their employment as Deputies and Sheriff for the Camden County Sheriff's Office.

**-11-**

At all times relevant to this Complaint, **CAMDEN COUNTY, GEORGIA** operated as the governing body for Camden County, Georgia with the right to sue and be sued.

**-12-**

**DEFENDANTS PROCTOR** and **COUNTY** have responsibility for the policies and procedures of the Camden County Sheriff's Office the deputies they employ.

## V.  STATEMENT OF THE FACTS

**-13-**

On January 14, 2024 **DEFENDANTS WATSON** and **MINOR** saw an alleged speeding vehicle in Camden County, Georgia.

**-14-**

**DEFENDANTS WATSON** and **MINOR** stopped the vehicle.

**-15-**

The vehicle stopped and then drove away.

**-16-**

**DEFENDANTS WATSON** and **MINOR** pursued the vehicle.

**-17-**

As **DEFENDANT WATSON** followed the vehicle, he rammed the rear of the vehicle.

**-18-**

The vehicle stopped after **DEFENDANT WATSON** rammed the rear of the vehicle.

**-19-**

**MR. GROVNER** put his hand through the rear passenger window and opened the door from the outside of the car so that **DEFENDANT WATSON** could see **MR. GROVNER'S** hands and not shoot **MR. GROVNER**.

**-20-**

**DEFENDANT WATSON** had drawn his gun and spewed  tirade of profanity at **MR. GROVNER**.

**-21-**

Due to **DEFENDANT WATSON'S** aggression, a fearful **MR. GROVNER** got out the car, laid immediately on the ground face down, spread eagle with his hands spread out.

-22-

**DEFENDANT WATSON** ran up behind **MR. GROVNER** yelling "shut the f - - k up," "I will blow your f- - king head off."

-23-

**DEFENDANT WATSON** leaped onto **MR. GROVNER'S** back, and dug his knees into **MR. GROVNER'S** back.

-24-

**DEFENDANT WATSON** aggressively handcuffed **MR. GROVNER**.

-25-

The overly tight handcuffs caused **MR. GROVNER** extreme pain and loss of feeling in his wrist and hands.

-26-

As **DEFENDANT WATSON** drove his knees into **MR. GROVNER'S** back.

-27-

After painfully handcuffing **MR. GROVNER**, **DEFENDANT WATSON** rained a flurry of closed-fist punches against **MR. GROVNER'S** face while continuing to scream "shut the f - - k up," "I will blow your f- - king head off."

-28-

**DEFENDANT MINER** watched **DEFENDANT WATSON** savagely attack **MR. GROVNER** without cause or provocation.

-29-

**DEFENDANT MINER** did nothing.

**-30-**

**DEFENDANT WATSON** prolonged **MR. GROVNER'S** suffering by jerking **MR. GROVNER** up from the ground by his arms handcuffed behind **MR. GROVNER'S** back, throwing **MR. GROVNER** onto the hood of **DEFENDANT WATSON'S** vehicle while bending **MR. GROVNER'S** handcuffed arms into unnatural, contorted angles that caused searing pain in **MR. GROVNER'S** arms and shoulders.

**-31-**

**DEFENDANT WATSON** far exceeded the amount of force necessary to arrest **MR. GROVNER**.

**-32-**

This caused severe injuries to **MR. GROVNER**.

**-33-**

**DEFENDANTS WATSON** and **MINOR** arrested **MR. GROVNER** and charged him with Fleeing for a Felony Offense, Possession of a Schedule II Controlled Substance, Possession of Marijuana Less than One Ounce, Speeding, Reckless Driving, Willful Obstruction of a Law Enforcement Officer, Driving While Unlicensed, and other occupant of the vehicle with Driving while License Suspended.

**-34-**

**MR. GROVNER** suffered severe pain, lacerations, bruises, and trauma to his head, face, arms, back, and shoulders from the beating administered by **DEFENDANT WATSON**.

-35-

**DEFENDANT WATSON'S** beatings of other persons in custody have been the subject of other excessive force lawsuits and claims.

## VI.  CLAIMS FOR RELIEF

-36-

**MR. GROVNER**  makes the following claims against **DEFENDANTS**.

### COUNT I

**FOURTH AMENDMENT**
**UNREASONABLE SEIZURE**
**EXCESSIVE FORCE**
**42 U.S.C. § 1983**
**DEFENDANT WATSON**

-37-

**DEFENDANT WATSON**  used objectively unreasonable and excessive force in the seizure, detention, and arrest of **MR. GROVNER**.

-38-

 **DEFENDANT WATSON'S** actions violated **MR. GROVNER'S** right to freedom from unreasonable seizures and unreasonable and excessive force under the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

-39-

As a direct and proximate result of **DEFENDANT WATSON'S** deprivation of  **MR. GROVNER'S** constitutional rights protected by federal law,  **MR. GROVNER** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-40-**

**DEFENDANT WATSON** undertook this conduct in utter disregard of **MR. GROVNER'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **MR. GROVNER** to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANT WATSON** from future wrongdoing.

## COUNT II

**FOURTEENTH AMENDMENT**
**FAILURE TO INTERVENE**
**42 U.S.C. § 1983**
**DEFENDANT MINOR**

**-41-**

**DEFENDANT MINOR** observed **DEFENDANT WATSON** use objectively unreasonable and excessive force in the beating of **MR. GROVNER**, in violation of **MR. GROVNER'S** right to be free of an unreasonable seizure and excessive force under the Fourteenth Amendment.

**-42-**

**DEFENDANT MINOR** failed to intervene and prevent **DEFENDANT WATSON** from violating **MR. GROVNER'S** Fourteenth Amendment rights to be free from unreasonable seizures and excessive force.

**-43-**

**DEFENDANT MINOR'S** acts and omissions violated **MR. GROVNER'S** Fourteenth Amendment rights to be free from unreasonable seizures and excessive force., enforceable through 42 U.S.C. § 1983

**-44-**

**DEFENDANT MINOR** had a reasonable opportunity to intervene in **DEFENDANT WATSON'S** vicious, out-of-controlled attack on **MR. GROVNER** but chose not to intervene.

**-45-**

As a direct and proximate result of **DEFENDANT MINOR'S** deprivation of  **MR. GROVNER'S** rights protected by federal law,  **MR. GROVNER** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

**-46-**

**DEFENDANT MINOR** undertook his conduct in utter disregard of **MR. GROVNER'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **MR. GROVNER** to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANT DEPUTIES** from future wrongdoing.

## COUNT III

### FOURTH AMENDMENT
### 42 U.S.C. §1983
### DEFENDANT PROCTOR

**-47-**

**DEFENDANT PROCTOR** at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of  citizens' rights.

**-48-**

Specifically, this policy, custom, or practice involves:

a)      The use of objectively unreasonable and excessive force on detainees and arrestees;

b)      The arrestees receiving serious injuries but the officers not being injured during such encounters;

c)      The Camden County Sheriff's Office not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all; and

d)      Continued employment of deputies who **DEFENDANT PROCTOR** knew had violated the constitutional rights of citizens and would likely do so again.

**-49-**

The above-described policy, custom, or practice was the direct, proximate cause of **DEFENDANT PROCTOR'S** violating **MR. GROVNER'S** Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

**-50-**

As a direct and proximate result of **DEFENDANT PROCTOR'S** deprivation of **MR. GROVNER'S** rights protected by federal law, **MR. GROVNER** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## COUNT IV

## FOURTH AMENDMENT
## 42 U.S.C. §1983
## DEFENDANT COUNTY

**-51-**

**DEFENDANT COUNTY** at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights.

**-52-**

Specifically, this policy, custom, or practice involves:

a)      The use of objectively unreasonable and excessive force on detainees and arrestees;

b)      The arrestees receiving serious injuries but the officers not being injured during such encounters;

c)      The Camden County Sheriff's Office not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all; and

d)      Continued employment of deputies who **DEFENDANT COUNTY** knew have violated the constitutional rights of others and would likely do so again.

**-53-**

The above-described policy, custom, or practice was the direct, proximate cause of **DEFENDANT COUNTY'S** violating **MR. GROVNER'S** Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

**-54-**

As a direct and proximate result of **DEFENDANT COUNTY'S** deprivation of **MR. GROVNER'S** rights protected by federal law, **MR. GROVNER** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

## COUNT V

## ATTORNEY FEES

### CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976
### 42 U.S.C. §1988

**-55-**

Should **MR. GROVNER** prevail, he seeks attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at 42 U.S.C. §1988.

## V.  RELIEF REQUESTED

**CALVIN R. GROVNER,** Plaintiff in the above-styled action, requests the judgment of this Court against Defendants as noted in the Facts and Counts above.

**CALVIN R. GROVNER DEMANDS A TRIAL BY JURY**

Respectfully submitted this 10th day of January 2026.

/s/ *James A. Yancey, Jr.*
JAMES A. YANCEY, JR.
Attorney for Calvin R. Grovner
Georgia State Bar No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\M-Z\POLICE    MISCONDUCT\A-L\2024\GROVNER-C.CVR\M-Z\
PLEADINGS\GROVNER\COMPLAINT FOR DAMAGES